JOHN H. LOEFFLER
OLSON LOEFFLER LAW GROUP, P.S.
8414 N. WALL STREET, SUITE A
SPOKANE, WA  99208

(509) 467-6767


Attorneys for Defendant
DEREK J. HUNT


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE ROSANNA MALOUF PETERSON)


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>DEREK HUNT (4),<br><br>    Defendants. | NO. 2:16-CR-207-RMP-4<br><br>Sentencing Memorandum of<br>Derek J. Hunt |

     DEREK J. HUNT ("Mr. Hunt") is scheduled for sentencing in this matter on December 7, 2017. (ECF 119)  Mr. Hunt submits the following sentencing memorandum in support of his request for sentencing consistent with the FRCP 11(c)(1)(C) Plea Agreement, entered with the Court on September 6, 2017 (ECF 110) (hereinafter "Plea Agreement").  Mr. Hunt and the United States agree upon a probationary sentence, a Three Thousand dollar ($3,000.00) fine and significant restrictions on Mr. Hunt's possession of firearms.  This sentence is sufficient but not greater than necessary to accomplish the goal of deterring future criminal conduct. 18 U.S.C. § 3553(1), (2)(B).

DEFENDANT'S SENTENCING - Page 1
MEMORANDUM

# I.

## BACKGROUND

On December 20, 2016, Mr. Hunt was indicted along with his brother Russell Hunt, his father Terry Hunt and his mother, Mary Hunt, charging them with Conspiracy to Deal Firearms Without a Firearms License, in violation of 18 U.S.C. §§ 371, 922(a)(1)(A), 923(a), Dealing in Firearms Without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and several counts of False Statement in the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2).

As part of a global resolution of all charges for all defendants, each defendant entered into a plea agreement in which each pled guilty to three counts of Aiding and Abetting False Entries by Firearms Dealer, in violation of 18 U.S.C. §§ 922(m), 924(a)(3)(B), and 2. Each plea agreement differed only in the amount of the fine to be paid by each defendant with the fine amount linked to each defendant's role in the crimes. Mr. Hunt was the least culpable and therefore his fine was the smallest at $3,000.00.

## III. FACTS

The facts underlining this case are adequately outlined in the Plea Agreement with technical objections raised in ECF 125[1]. With that said, some key points concerning Mr. Hunt should be made to the Court.

First, as indicated in the Presentence Investigation Report (ECF 127) (hereinafter "PSIR"), Mr. Hunt has no criminal history or criminal conduct of any kind, leading up to this case (PSIR Pages 9-10 §§ 44-48).

Second, Mr. Hunt has no issues related to substance abuse of any kind. (PSIR, Page 12, §§ 58-59).

Third, Mr. Hunt has a stable and continuous work history.  He has been working on his family farm for over 20 years. Although he indicated his income changes, he earns approximately $2,000 per month on average. (PSIR Page 11 §61)

[1]  The facts outlined in the plea agreement address the charges and conduct of Mr. Hunt but also addressed the conduct of the co-defendants.  Mr. Hunt raised objections to some of the conduct described in the plea agreement attributed to the co-defendants, not knowing whether the co-defendants actually engaged in the conduct alleged (Objections in ECF 125).

DEFENDANT'S SENTENCING - Page 2
MEMORANDUM

And Fourth, Mr. Hunt took responsibility for his actions as soon as possible after his attorney and he reviewed the voluminous discovery in this multi-defendant conspiracy case;

## IV. ANALYSIS

Title 18, § 3553(a) directs this court to impose a sentence that is "sufficient, but not greater than necessary" to meet the purposes of punishment. 18 U.S.C. § 3553(a)(2). This "parsimony provision" represents the "overarching" command of the statute. *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). In conducting the § 3553(a) analysis, the court is required to consider all of the factors set forth in the statute. See id. § 3553(a)(1)–(7); *United States v. Carty*, 520 F.3d 984, 991–92(9th Cir. 2008). The advisory Sentencing Guidelines are but one of those factors, id., and the remainder of the factors support Mr. Hunt's sentencing request.

## A.    Title 18, U.S.C. § 3553(a) Factors Support a Sentence of Probation

### 1.    Mr. Hunt's History and Characteristics

The initial factors the Court must consider in the sentence are the history and characteristics of Mr. Hunt relating to the criminal conduct. Mr. Hunt is a 47 year old American citizen, born on July 7, 2017 in Ephrata, Washington to Terry and Mary Hunt (PSIR Page 2). He has lived a crime free life up to his involvement in this case. His conduct in this matter is clearly an aberration and is not reflective of his life as a hard working family farmer.

Mr. Hunt reviewed the criminal history points and guideline calculations with his attorney in the original draft PSIR and concurred with the Base offense level of 6. Mr. Hunt argued in his objections to PSIR (ECF 127) that his total offense level should be adjusted down as a minor role participant and that the total offense level should be 2.

The final PSIR was filed on November 22, 2017, and did not reflect changes recommended in Mr. Hunt's objections to PSIR (ECF 124)

Mr. Hunt's history and characteristics support a 5 year probationary sentence, a fine of $3,000.00, a $75.00 special penalty assessment, the forfeiture of many firearms and

DEFENDANT'S SENTENCING - Page 3
MEMORANDUM

significant restrictions on his possession of firearms during his probationary period.

### 2.    The Circumstances of the Instant Offense.

The circumstances of the instant offense also counsel in favor of a probationary sentence as Mr. Hunt was, as provided in the Plea Agreement and the PSIR, a relatively minor participant in the originally charged conspiracy. Further, Mr. Hunt timely took responsibility for his actions.

## B.    FRCP 11(c)(1)(c) Plea Agreement

The United States considered several factors in offering Mr. Hunt the settlement which led to the FRCP 11(c)(1)(C) Plea Agreement. Mr. Hunt respectfully requests that the Court accept the Plea Agreement and follow his sentencing recommendations found therein which include the recommendations provided in this memorandum.

## V.    FINES

### A.    Fines.

Under the provisions of USSG §5E1.2(d)(2), the Court must consider when determining a fine, any evidence presented as to Mr. Hunt' ability to pay a fine. In this case, Mr. Hunt has agreed to pay a fine of $3,000.00, to be paid at no less than $600.00 per year for a period of up to five (5) years. It is clear from the PSIR that Mr. Hunt will have difficulty paying this fine but is able to pay this fine at the rate of $600.00 per year. (PSIR Pages 11-12 §§ 63-65)

Mr. Hunt is aware of the mandatory nature of the Special Assessment of $75.00 and plans on paying the same prior to the sentencing hearing.

### B.    Restitution.

Mr. Hunt did not create the need for restitution to any person or entity as there is no identifiable victim. (PSIR Page 13 §§ 77-78)

DEFENDANT'S SENTENCING - Page 4
MEMORANDUM

**VI. CONCLUSION**

It is the recommendation of Mr. Hunt and the United States that he be sentenced to a probationary sentence consistent with the Plea Agreement which provided for a five (5) year period of probation.  This sentence will be no greater than necessary to serve the purposes of punishment.

DATED:  November 30, 2017.

Respectfully Submitted,

s/ John H. Loeffler
John H. Loeffler, 10797
Attorney for DEREK J. HUNT
Olson Loeffler Law Group, P.S.
8414 N. Wall Street, Suite A
Spokane, WA  99208
Phone: (509) 467-6767
Fax: (509) 467-4710
Johnl@ollps.com

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2017, I electronically filed the above DEFENDANT'S SENTENCING MEMORANDUM with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Earl Allen Hicks, Assistant United States Attorney.

s/ John H. Loeffler
John H. Loeffler, 10797
Attorney for DEREK J. HUNT
Olson Loeffler Law Group, P.S.
8414 N. Wall Street, Suite A
Spokane, WA  99208
Phone: (509) 467-6767
Fax: (509) 467-4710
Johnl@ollps.com