Matthew Campbell
Federal Defenders of Eastern Washington and Idaho
10 N Post Suite 700
Spokane, Washington 99201
(509) 624-7606

Attorney for the Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| United States of America, | No. 2:16-cr-0207-3 |
|---|---|
| Plaintiff, | Sentencing Memorandum |
| v. | |
| Russell Melvin Hunt, | |
| Defendant. | |

At sentencing, courts should impose only what is necessary to achieve the Sentencing Reform Act's goals—and nothing more. *U.S. v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) ("[a] substantively reasonable sentence is one that is 'sufficient, but **not greater than necessary**'") (quoting 18 U.S.C. § 3553(a) (emphasis added)).  Although Guideline ranges are relevant, courts "may **not presume** that the Guideline range is reasonable," *Gall v. U.S.*, 552 U.S. 38, 49–50 (2007); instead, they must focus on deterrence, retribution,

Sentencing Memorandum

1

incapacitation, and rehabilitation. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(D);[1] *see also Rita v. U.S.*, 551 U.S. 338, 366 (2007) (Stevens, J., concurring) (noting guidelines are "truly advisory"). Courts are "free to make [their] own reasonable application of the § 3553(a) factors, and to **reject** (after due consideration) the advice of the Guidelines"—which should not have "any thumb on the scales." *Kimbrough*, 552 U.S. 85, 113 (2007) (Scalia, J., concurring) (emphasis added).

The probationary sentence called for in the plea agreement is sufficient but not greater than necessary.

### 1.    The agreed-upon resolution sufficiently deters future criminal conduct.

The Sentencing Reform Act requires that courts impose sentences that are sufficient, but no more than necessary, to "deter[] . . . criminal conduct." 18 U.S.C. § 3553(1), (2)(B). And a cumulative six-and-a-half year journey through the federal system— a year-and-a-half

---

[1] "Deterrence, incapacitation, and rehabilitation are prospective and societal—each looks forward and asks: What amount and kind of punishment will help make society safe? In contrast, retribution imposes punishment based upon moral culpability and asks: What penalty is needed to restore the offender to moral standing within the community?" *United States v. Cole*, 2008 WL 5204441, at *4 (N. D. Ohio Dec. 11, 2008).

Sentencing Memorandum

2

of pretrial supervision followed by five years of probation—will deter future criminal proclivities. By the time Russell Hunt serves that sentence, he will be 57-years old. His children will have completed college. (PSR at 10). He and his wife will remain loving parents.

By all accounts, Russell remains in good health. (PSR at 10-11). He has been steadily employed since age 18. The agreed-upon resolution allows Russell to remain employed with Hidden Ranch Outfitters, LLC (*see* PSR at 11). His conviction and sentence in this matter provide ample incentive to avoid any further legal entanglements. It has been a "wake-up call" regarding the need to obey all laws, including firearms laws.

There is no reasoned way to show that a harsher sentence is necessary, and the agreed-upon sentence provides sufficient deterrence to Russell Hunt.

**2. The agreed-upon resolution reflects appropriate retribution.**

Commonly referred to as the "retribution" factor, the Sentencing Reform Act requires courts to consider the "seriousness of the offense," the need to "promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A).

While it could be tempting to equate the agreed-upon resolution as "getting off scot-free," such thoughts would not reflect reality. As an initial matter, Russell Hunt must pay a fine of $4,000. This fine represents a significant punishment for a Russell, who is of modest means. (*See* PSR at 11)

Sentencing Memorandum

3

Moreover, the Court should not discount five years of probation as punishment. Mr. Hunt would "not enjoy the absolute liberty to which every citizen is entitled," and terms of release are no "act of leniency" but a "substantial restriction of freedom" in which he would "always face the harsh consequences that await if he violates." *See Gall v. U.S.*, 552 U.S. 38, 44, 48 (2007) (quoting in part with approval a district court opinion).

The agreed resolution provides sufficient retribution for Russell Hunt's offense.

Sentencing Memorandum

4

**3.  The agreed-upon resolution sufficiently protects the public**

The Sentencing Reform Act requires courts to impose a sentence "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Russell Hunt pled guilty to three misdemeanors. The agreed-upon resolution calls for him to be supervised by United States Probation for five years. That supervision will subject him to monitoring which is sufficient to uncover any violations or criminal activity.  It also places limits on activities involving firearms, which provides further protection to the public.

**4. The agreed-upon resolution is appropriate based on the history and characteristics of Russell Hunt**

By all accounts, Russell Hunt is a loving father and husband. He remains a hard-working farmer/rancher who provides for his family. Russell is an avid outdoorsman who runs a hunting guide business.

When judged in the context of his entire life, these events represent aberrant conduct. Russell has no prior criminal history. He has never struggled with mental or emotional health issues. (PSR at 11). He does not drink and has no controlled substance history. (PSR at 11). He has always been an active participant in the lives of his children, attending their sporting events and the like. He is an avid hunter and lover of the outdoors.

Sentencing Memorandum

5

Unquestionably, the firearms laws of this country are complex. Some are difficult to decipher and do not always lead to clear answers. The Second Amendment is certainly an issue that many Americans are passionate about. But nonetheless, Russell Hunt has learned a clear lesson from this case – not following both the spirit and the letter of the law can have dire consequences. If Russell had it all to do over again, he would have handled matters far differently, and the Court would never have seen him. Perhaps most importantly, as the last year-and-a-half demonstrate, Russell is amply capable of following all laws and conditions, and the Court will never see him again.

Dated:   November 29, 2017

                                            Respectfully Submitted,

                                            <u>S/Matthew Campbell</u>
                                            Matthew Campbell, WA 38696
                                            Federal Defenders of
                                            Eastern Washington and Idaho
                                            10 N Post Suite 700
                                            Spokane, Washington 99201
                                            (509) 624-7606
                                            (509) 747-3539
                                            Email:  Matt_Campbell@fd.org

Sentencing Memorandum

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, Earl Allen Hicks, Assistant United States Attorney.

<u>S/Matthew Campbell</u>
Matthew Campbell, WA 38696
Federal Defenders of
Eastern Washington and Idaho
10 N Post Suite 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email:  Matt_Campbell@fd.org

Sentencing Memorandum